**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | 1:12-cv-00096-GSA-PC |
| Plaintiff, | ORDER RESPONDING TO PLAINTIFF'S OBJECTIONS TO THE COURT'S ORDER OF MARCH 9, 2012 |
| v. | (Doc. 19.) |
| MAURICE JUNIOUS, et al., | ORDER GRANTING PLAINTIFF THIRTY DAYS IN WHICH TO FILE A SECOND AMENDED COMPLAINT |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. Plaintiff filed the Complaint commencing this action on January 20, 2012. (Doc. 1.) Pending before the Court are Plaintiff's objections to the Court's order of March 9, 2012. (Doc. 19.)

**I.   BACKGROUND**

On February 8, 2012, Plaintiff filed the First Amended Complaint. (Doc. 9.) On March 2, 2012, Plaintiff lodged exhibits to the First Amended Complaint. (Doc. 13.) On March 9, 2012, the Court entered an order returning the lodged exhibits to Plaintiff, advising Plaintiff that under Local Rule 220 he is not permitted to submit exhibits to the First Amended Complaint *after* the First Amended Complaint is filed. (Doc. 14.) Pursuant to the order, Plaintiff was granted leave to file a Second Amended Complaint, and was required to either file a Second

1

1  Amended Complaint, or notify the court that he does not wish to amend the complaint, within
2  thirty days.  <u>Id.</u>  On March 23, 2012, Plaintiff filed objections to the court's order.  (Doc. 19.)
3  **II.     PLAINTIFF'S OBJECTIONS**
4         Plaintiff asserts that the Fresno court made a "Judicial and Clarical [*sic*] Error" in issuing
5  its order of March 9, 2012.  (Doc. 19 at 1.)
6         First, Plaintiff complains that when he filed the First Amended Complaint, the court did
7  not follow his instructions to remove pages from the original complaint and attach them to the
8  First Amended Complaint.  Plaintiff is advised that when he submits a pleading to the court, it
9  must be <u>complete in itself</u> pursuant to Local Rule 220.  Thus, Plaintiff may not submit a
10 document to the court expecting the court to alter it according to his instructions.  If Plaintiff files
11 a Second Amended Complaint, it must be complete in itself, without reference to any prior
12 complaint.
13        Second, Plaintiff claims that he mailed his exhibits to the Sacramento division of the
14 United States District Court, Eastern District of California ("Sacramento court"), on or about
15 February 28, 2012, for his Sacramento case 2:11-cv-03277-EFB, and he does not understand how
16 the documents ended up in Fresno.  According to the court's record, Plaintiff has at least one
17 other case pending at the Sacramento court, case  2:11-cv-03277-EFB.  To avoid confusion,
18 Plaintiff should write only <u>one case number</u> on his documents.  The court notes that Plaintiff has
19 been writing <u>both</u> the Sacramento case number and the Fresno case number on his documents
20 submitted for filing.  If Plaintiff follows the court's instruction and writes only one case number
21 on his documents, there should be no confusion about where, and in which of Plaintiff's cases,
22 Plaintiff's documents should be filed.
23        Third, Plaintiff complains that he never received conformed copies of his complaints
24 from the Fresno court.  Plaintiff is advised that the Clerk does not ordinarily provide free copies
25 of case documents to parties.  Plaintiff's original Complaint was filed on January 20, 2012
26 (Document 1), and his First Amended Complaint was filed by the Court on February 8, 2012
27 (Document 9).  The Clerk would not have returned conformed copies of the complaints to
28 Plaintiff unless he submitted two copies and a large self-addressed envelope with sufficient

1 postage to mail back a conformed copy. The Clerk charges $.50 per page for copies of
2 documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's
3 Office at this Court upon written request and prepayment of the copy fees. The fact that the
4 Court has granted leave for Plaintiff to proceed in forma pauperis does not entitled him to free
5 copies of documents from the Court. Under 28 U.S.C. § 2250, the Clerk is not required to
6 furnish copies without cost to an indigent petitioner except by order of the judge. Plaintiff's
7 original Complaint is seventy-five pages long, and his First Amended Complaint is three pages
8 long. To request a copy at this juncture, Plaintiff must submit a request in writing to the Clerk, a
9 large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to
10 the Clerk. If Plaintiff only requires a copy of the face page of a complaint, he should indicate this
11 in his written request. Plaintiff is advised that in the future, he should keep a copy of any
12 document he submits to the Court.

13 Fourth, Plaintiff requests an immediate ruling on his motions for preliminary injunctive
14 relief filed on January 20, 2012 and March 23, 2012. The court shall rule on Plaintiff's motions
15 in due time. Plaintiff is advised that there are hundreds of prisoner civil rights cases presently
16 pending before the court, and delays are inevitable despite the court's best efforts. Plaintiff can
17 be assured that he will receive a copy of all orders issued in his case as long as he keeps the court
18 apprised of his current address.

19 Plaintiff indicates in the objections that he wishes to file a Second Amended Complaint.
20 Therefore, Plaintiff shall be granted thirty days in which to file the Second Amended Complaint.

21 **III.  CONCLUSION**

22 Accordingly, IT IS HEREBY ORDERED that Plaintiff is granted thirty days from the
23 date of service of this order in which to file a Second Amended Complaint, pursuant to the
24 court's order of March 9, 2012.

25
26     IT IS SO ORDERED.
27     Dated:   **March 26, 2012**                       **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE
28