# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | 1:12-cv-00096-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (Docs. 4, 12, 17, 25.) |
| MAURICE JUNIOUS, et al., | |
| Defendants. | |

**I.    BACKGROUND**

Adrian Moon ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 20, 2012. (Doc. 1.) On March 23, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 16.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 8, 2012, Plaintiff filed the First Amended Complaint. (Doc. 9.) On March 9, 2012, Plaintiff was granted leave to file a Second Amended Complaint. (Doc. 14.) Plaintiff requested and has been granted additional time to file the Second Amended Complaint. (Docs. 20, 21, 24, 26, 27.)

On January 20, 2012, February 28, 2012, March 23, 2012, and May 16, 2012, Plaintiff filed motions for a temporary restraining order and preliminary injunction. (Docs. 4, 12, 17, 25.) Plaintiff's motions are now before the Court.

1 **II.    PRELIMINARY INJUNCTIVE RELIEF**

2 "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v.
3 Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff
4 seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
5 likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
6 in his favor, and that an injunction is in the public interest." <u>Id.</u> at 374 (citations omitted).  An
7 injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. <u>Id.</u> at 376
8 (citation omitted) (emphasis added).

9 Federal courts are courts of limited jurisdiction and in considering a request for preliminary
10 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
11 it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660,
12 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>,
13 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or
14 controversy before it, it has no power to hear the matter in question. <u>Id.</u>  Requests for prospective
15 relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
16 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary
17 to correct the violation of the Federal right, and is the least intrusive means necessary to correct the
18 violation of the Federal right."

19 Plaintiff requests court orders transferring him to a facility within one hundred miles of
20 Altadena, California; prohibiting prison officials from restricting his contact with family and friends;
21 stopping prison officials from using abusive and retaliatory tactics against Plaintiff; granting Plaintiff
22 access to the law library and its services; releasing Plaintiff on his own recognizance pending
23 resolution of this action; releasing Plaintiff from administrative segregation; and allowing Plaintiff
24 a special diet and medication for high blood pressure.

25 Plaintiff has requested and was granted an extension of time to file a Second Amended
26 Complaint, indicating that he does not wish to proceed on the First Amended Complaint. (Docs. 21,
27 24.)  Therefore, at this juncture the court does not yet have before it an actual case or controversy,
28 nor does the court have jurisdiction over any of the defendants in this action.  "A federal court may

[only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because none of the defendants in Plaintiff's lawsuit have been served or appeared in this action, the Court does not have jurisdiction to issue an order in this action compelling them to act pursuant to Plaintiff's motions. Therefore, the Court lacks jurisdiction to issue the orders sought by Plaintiff, and Plaintiff's requests must be denied.

With respect to Plaintiff's request for access to the law library and transfer to another facility, Plaintiff is advised that the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970). Plaintiff complains that he is not afforded sufficient access to the law library and its services to adequately litigate his lawsuit. Should Plaintiff require additional time to respond to court orders or meet case deadlines, he should file a motion for extension of time, with a showing of good cause, for the Court's consideration.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's requests for a temporary restraining order and preliminary injunction, filed on January 20, 2012, February 28, 2012, March 23, 2012, and May 16, 2012, are DENIED.

IT IS SO ORDERED.

Dated:   **June 8, 2012**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE