# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　Defendants.<br>_____ / | 1:12-cv-00096-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 29.) |

**I.　BACKGROUND**

Plaintiff filed the Complaint commencing this action on January 20, 2012. (Doc. 1.)  On March 23, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 16.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

　　On June 8, 2012, the Court entered an order denying Plaintiff's motions for preliminary injunctive relief, on the ground that the Court does not have before it an actual case or controversy, nor does the Court have jurisdiction over any of the defendants in this action. (Doc. 28.)  On June 25, 2012, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. 29.)

**II.　MOTION FOR RECONSIDERATION**

　　Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest

1 injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v.
2 Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The
3 moving party "must demonstrate both injury and circumstances beyond his control . . . ."  <u>Id.</u>
4 (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local
5 Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed
6 to exist which did not exist or were not shown upon such prior motion, or what other grounds
7 exist for the motion."

8      "A motion for reconsideration should not be granted, absent highly unusual
9 circumstances, unless the district court is presented with newly discovered evidence, committed
10 clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals,
11 Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations
12 marks and citations omitted, and "[a] party seeking reconsideration must show more than a
13 disagreement with the Court's decision, and recapitulation . . . " of that which was already
14 considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d
15 1111, 1131 (E.D. Cal. 2001).

16      Plaintiff has not demonstrated that the Court committed clear error, or presented the
17 Court with new information of a strongly convincing nature, to induce the Court to reverse its
18 prior decision.  Therefore, the motion for reconsideration shall be denied.

### III. CONCLUSION

20      Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for
21 reconsideration, filed on June 25, 2012, is DENIED.

23      IT IS SO ORDERED.

24      Dated:   **June 27, 2012**               /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE