# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | 1:12-cv-00096-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | (Doc. 31.) |
| MAURICE JUNIOUS, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Adrian Moon ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 20, 2012. (Doc. 1.)  On March 23, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 16.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On February 8, 2012, Plaintiff filed the First Amended Complaint. (Doc. 9.)  On March 9, 2012, Plaintiff was granted leave to file a Second Amended Complaint.  (Doc. 14.)  Plaintiff requested and has been granted additional time to file the Second Amended Complaint. (Docs. 20, 21, 24, 26, 27.)

1

1   On July 2, 2012, Plaintiff filed a motion for a temporary restraining order. (Doc. 31.) Plaintiff's motion is now before the Court.

## II.   TEMPORARY RESTRAINING ORDER – RULE 65

Rule 65 of the Federal Rules of Civil Procedure provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Plaintiff requests a court order transferring him to a federal facility within one hundred miles of Los Angeles, California, releasing him from custody pending the resolution of this case, or releasing him to an alternate custody program pursuant to Senate Bill 1266. Plaintiff asserts that he was inappropriately transferred from North Kern State Prison to CTF[1] on June 22, 2012. While it is not entirely clear from Plaintiff's motion when or where the conditions occurred, Plaintiff complains of "unbearable and harsh conditions" such as retaliation, lack of access to the law library, placement in administrative segregation, interference with mail, and housing with inappropriate cell mates. (Motion, Doc. 31 at 5:6-7.) Plaintiff contends that "[t]he defendant(s) frequently check the on-line court website to see what Plaintiffs have filed." (Id. at 4:27-5:1.)

Plaintiff has not clearly shown that immediate and irreparable injury, loss, or damage will result to him before defendants can be heard in opposition to his motion for temporary restraining order. Nor has Plaintiff informed the court of any efforts made to give notice to defendants and the reasons why it should not be required. To date, no defendant has been served or appeared in this action. Moreover, there is presently no complaint at issue in this action because Plaintiff has indicated that he does not wish to proceed on the First Amended Complaint, and the Court has granted him leave to file a Second Amended Complaint. (Docs. 21, 24.) Based on these facts, the

---

[1] Plaintiff asserts that he was transferred to the "CTF facility in Folsom, California." (Motion at 2:10-13.) However, the Correctional Training Facility, or CTF, is located in Soledad, California, not Folsom. Plaintiff indicates a return address of "P.O. Box 705, Soledad, CA 93960-0705," which is the address for CTF in Soledad. (Id. at 1:1.)

Court is precluded from issuing a temporary restraining order under Rule 65, and Plaintiff's motion must be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order, filed on July 2, 2012, is DENIED.

IT IS SO ORDERED.

Dated: **July 5, 2012**              /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE