# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | 1:12-cv-00096-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE, WITHOUT PREJUDICE |
| v. | (Doc. 33.) |
| MAURICE JUNIOUS, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Adrian Moon ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 20, 2012. (Doc. 1.) On March 23, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 16.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 8, 2012, Plaintiff filed the First Amended Complaint. (Doc. 9.) On March 9, 2012, Plaintiff was granted leave to file a Second Amended Complaint. (Doc. 14.) Plaintiff requested and has been granted additional time to file the Second Amended Complaint. (Docs. 20, 21, 24, 26, 27, 31, 34.)

On July 11, 2012, Plaintiff filed a motion to consolidate the present case with a case he filed in the Sacramento Division of the Eastern District of California. (Doc. 33.) Plaintiff's motion is now before the Court.

1

## II. CONSOLIDATION OF ACTIONS

Consolidation is governed by Rule 42(a), which provides, "If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all of the matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Because Plaintiff's First Amended Complaint in this action was dismissed by the Court with leave to amend, and Plaintiff has not yet filed a Second Amended Complaint, there is presently no operative complaint in this action. Therefore, the Court is unable to consider Plaintiff's motion to consolidate at this juncture. Accordingly, the motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to consolidate is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __July 16, 2012__                    __/s/ Gary S. Austin__
                                            UNITED STATES MAGISTRATE JUDGE