1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT FOR THE

6                  EASTERN DISTRICT OF CALIFORNIA

7

8   ADRIAN MOON,                          1:12-cv-00096-GSA-PC

9                                          SCREENING ORDER
              Plaintiff,
10                                         ORDER DISMISSING SECOND
      vs.                                  AMENDED COMPLAINT UNDER
11                                         LOCAL RULE 220, WITH LEAVE TO
                                           AMEND
12  MAURICE JUNIOUS, et al.,               (Doc. 36.)

13                                         ORDER FOR CLERK TO SEND
              Defendants.                  PLAINTIFF A § 1983 COMPLAINT
14                                         FORM

15                                         THIRTY DAY DEADLINE TO FILE
                                           THIRD AMENDED COMPLAINT
16  _____/

17  **I.      BACKGROUND**

18        Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

19  this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil Complaint

20  filed on January 20, 2012.  (Doc. 1.)  On February 8, 2012, Plaintiff filed the First Amended

21  Complaint.  (Doc. 9.)  On March 9, 2012, the Court granted Plaintiff leave to file a Second

22  Amended Complaint.  (Doc. 14.)  On August 6, 2012, Plaintiff filed the Second Amended

23  Complaint, which is now before the Court for screening. (Doc. 36.)

24  **II.     SCREENING REQUIREMENT**

25        The court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state

4    a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5          A complaint must contain "a short and plain statement of the claim showing that the pleader

6    is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic

9    Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth

10   "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.

11   While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

12   **III.    LOCAL RULE 220 - CHANGED PLEADINGS**

13    Local Rule 220 provides, in part:

14   "Unless prior approval to the contrary is obtained from the Court, every pleading
     to which an amendment or supplement is permitted as a matter of right or has been
15   allowed by court order shall be retyped and filed so that it is complete in itself
     without reference to the prior or superseded pleading. No pleading shall be deemed
16   amended or supplemented until this Rule has been complied with. All changed
     pleadings shall contain copies of all exhibits referred to in the changed pleading."

17

18   L. R. 220.  As a general rule, an amended complaint supersedes the original complaint.  See Loux

19   v.  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original

20   complaint no longer serves any function in the case.  Therefore, an amended complaint must be

21   complete in itself without reference to any previous complaint, and each claim and the involvement

22   of each defendant must be sufficiently alleged.

23         Plaintiff was advised in the Court's order of March 9, 2012 that "an amended complaint

24   supercedes the original complaint" and that his Second Amended Complaint must be "complete

25   in itself without reference to the prior or superceded pleading."  (Doc. 14 at 2 ¶II.)  However,

26   Plaintiff's Second Amended Complaint makes reference to information contained in the original

27   Complaint, stating, "Plaintiff(s) realleges and incorporate the original verified complaint filed on

28   Jan. 20, 2012 (Doc 1) by this reference March 22, 2011."  (Doc. 36 at 4 ¶1.)  Therefore, the Second

1    Amended Complaint fails to comply with Local Rule 220 and shall be dismissed, with leave to

2    amend.

3    **IV.    CONCLUSION AND ORDER**

4           Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely

5    given when justice so requires.'" Therefore, although the Court shall dismiss the Second Amended

6    Complaint for failure to comply with Local Rule 220, Plaintiff shall be provided with time to file

7    a Third Amended Complaint curing the deficiencies identified above.

8           Plaintiff must demonstrate in the Third Amended Complaint how the conditions

9    complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d

10   227 (9th Cir. 1980).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

11   plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555; Moss v. U.S.

12   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short

13   of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.  Plaintiff

14   must also demonstrate that each defendant *personally* participated in the deprivation of his rights.

15   Jones v. Williams, 297 F.3d, 930, 934 (emphasis added).

16          Plaintiff is advised that a short and simple statement of his claim will speed the screening

17   of his case, and will help the litigation proceed in a more efficient manner.  Twenty-five pages is

18   more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of

19   those claims.  Accordingly, Plaintiff 's Third Amended Complaint may not exceed twenty-five

20   pages in length, and it will be stricken from the record if it violates this page limitation.

21          With regard to exhibits, while exhibits are permissible if incorporated by reference, Fed.

22   R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P.

23   8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only

24   obligated to provide "a short and plain statement of [his] claim." Plaintiff is not obligated to prove

25   the allegations in his complaint at this stage.  Attaching a large number of exhibits to a complaint

26   may result in the complaint being dismissed for failure to comply with Federal Rule of Civil

27   Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of

28   Plaintiff's claims.

1    Plaintiff should also note that although he has been given the opportunity to amend, it is

2  not for the purposes of adding unrelated claims.  In addition, Plaintiff should take care to include

3  only those claims arising before January 20, 2012, when he filed this action, and for which he has

4  exhausted his administrative remedies.

5    Finally, Plaintiff is again advised that Local Rule 220 requires that an amended complaint

6  be complete in itself without reference to any prior pleading.  As a general rule, an amended

7  complaint supersedes the original complaint.  See Loux, 375 F.2d at 57.  Once an amended

8  complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in

9  an amended complaint, as in an original complaint, each claim and the involvement of each

10  defendant must be sufficiently alleged.

11    The amended complaint should be clearly and boldly titled "Third Amended Complaint,"

12  refer to the appropriate case number, and be an original signed under penalty of perjury.

13    Based on the foregoing, it is HEREBY ORDERED that:

14    1.    The Clerk's Office shall send Plaintiff a § 1983 civil rights complaint form;

15    2.    Plaintiff's Second Amended Complaint is dismissed for failure to comply with

16        Local Rule 220, with leave to file a Third Amended Complaint within **thirty (30)**

17        **days** from the date of service of this order;

18    3.    Plaintiff shall caption the amended complaint "Third Amended Complaint" and

19        refer to the case number 1:12-cv-00096-GSA-PC;

20    4.    The Second Amended Complaint may not exceed twenty-five pages in length, and

21        it will be stricken from the record if it violates this page limitation; and

22    5.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

23        to state a claim.

24

25

26

27    IT IS SO ORDERED.

28    Dated:    **October 24, 2012**        **/s/ Gary S. Austin**

-4-

1                                    UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28