# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | 1:12-cv-00096-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO CONSOLIDATE AND MOTION FOR EARLY DISCOVERY |
| v. | |
| MAURICE JUNIOUS, et al., | (Docs. 37, 38, 39.) |
| Defendants. | |

**I.    BACKGROUND**

Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 20, 2012. (Doc. 1.) On March 23, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 16.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On February 8, 2012, Plaintiff filed the First Amended Complaint. (Doc. 9.) On March 9, 2012, Plaintiff was granted leave to file a Second Amended Complaint. (Doc. 14.) On August 6, 2012, Plaintiff filed the Second Amended Complaint. (Doc. 36.) On October 25, 2012, the Court dismissed the Second Amended Complaint for failure to comply with Local Rule 220, with leave to amend. (Doc. 40.)

1    On August 9, 2012 and August 17, 2012, Plaintiff filed motions to consolidate the present case with cases he filed in the Sacramento Division of the Eastern District of California. (Docs. 37, 38.) On October 22, 2012, Plaintiff filed an "emergency" motion to conduct early discovery to determine if this case should be converted to a class action. (Doc. 39.) Plaintiff's motions are now before the Court.

**II.    CONSOLIDATION OF ACTIONS**

Consolidation is governed by Rule 42(a), which provides, "If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all of the matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Because Plaintiff's Second Amended Complaint in this action was dismissed by the Court with leave to amend, and Plaintiff has not yet filed a Third Amended Complaint, there is presently no operative complaint in this action. Therefore, the Court is unable to consider Plaintiff's motion to consolidate at this juncture. Accordingly, the motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

**III.    MOTION TO CONDUCT EARLY DISCOVERY**

Plaintiff requests permission to conduct early discovery in this action, to conduct depositions of prison employees P. L. Vasquez, Lovetta Sebbern, Raul Contreras, M. West, E. Martinez, M.

///

Melo, Michael Rocha, and C. Beasley, seeking evidence to determine whether this case should be converted to a class action.

Plaintiff's motion shall be denied. As discussed above, there is presently no operative complaint in this action for which discovery can be conducted. Moreover, as a rule, discovery does not commence until after one or more of the defendants has filed an answer to the complaint. In this action, none of the defendants have been served with process or appeared in this action. If Plaintiff chooses to renew his request for early discovery at a later stage of the proceedings, he must show good cause for the Court to allow it.

Plaintiff is a non-lawyer proceeding pro se in this action. With respect to class action lawsuits, Plaintiff is advised that it is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, it would be difficult, if not impossible, for Plaintiff to "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Therefore, cases such as Plaintiff's do not often proceed as class actions and instead proceed as individual civil suits brought by the plaintiff.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to consolidate this action, filed on August 9, 2012 and August 17, 2012, are DENIED, without prejudice; and

2. Plaintiff's motion to conduct early discovery at this stage of the proceedings, filed on October 22, 2012, is DENIED.

IT IS SO ORDERED.

Dated: **October 26, 2012**      /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE