# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, | 1:12-cv-00096-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 43.) |
| MAURICE JUNIOUS, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Plaintiff filed the Complaint commencing this action on January 20, 2012. (Doc. 1.) On March 23, 2012, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 16.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On October 26, 2012, the Court entered an order dismissing Plaintiff's Second Amended Complaint under Local Rule 220, with leave to amend, (Doc. 40), and an order denying Plaintiff's motions to consolidate and motion for early discovery (Doc. 41). On November 5, 2012, Plaintiff filed a motion for reconsideration of the Court's orders. (Doc. 43.) Plaintiff's motion for reconsideration is now before the Court.

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the judge is prejudiced against him and used personal bias in dismissing his second amended complaint, denying his motions to consolidate, denying his request to bring a class action, and denying his request to conduct early discovery.  Plaintiff asserts that "since February 2010, the courts and the defendant(s) have tried to intimidate Primary Plaintiff and the 'Interest of the class' other Plaintiff(s) from bring this class action verified complaint." (Declaration of Adrian Moon, Doc. 43 at 6 ¶2.)

Plaintiff has not supported his allegations of bias and intimidation with facts.[1]  Further, Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with

---

[1] The Court has addressed Plaintiff's motion for recusal of the Magistrate Judge, filed on November 5, 2012, in a separate order.

2

new information of a strongly convincing nature, to induce the Court to reverse its prior decisions.  Therefore, the motion for reconsideration shall be denied.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on November 5, 2012, is DENIED.


IT IS SO ORDERED.

Dated:   **November 13, 2012**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE