UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>               Plaintiff,<br><br>     vs.<br><br>M. JUNIOUS, et al.,<br><br>               Defendants. | 1:12-cv-00096-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITHOUT PREJUDICE<br>(Doc. 56.)<br><br>THIRTY DAY DEADLINE TO RENEW MOTION |

**I.    BACKGROUND**

Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action was dismissed, with prejudice, on March 27, 2013, for failure to state a claim.  (Doc. 54.)  On April 8, 2013, Plaintiff filed a motion for reconsideration of the order of dismissal.  (Doc. 56.)

**II.   MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly

convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

Plaintiff argues that this action should be reopened because he timely filed a Third Amended Complaint pursuant to the Court's order of October 25, 2012.  Plaintiff asserts that under the Mailbox Rule, he filed a timely Third Amended Complaint on March 24, 2013, within the Court's deadline.

**Discussion**

This action was dismissed on March 27, 2013, as a result of Plaintiff's failure to file a Third Amended Complaint pursuant to the Court's order of October 25, 2012.  The Court's order dismissed the Second Amended Complaint for failure to state a claim, with leave to file a Third Amended Complaint within thirty days.  (Doc. 40.)  Plaintiff was granted four extensions of time to file the Third Amended Complaint.  (Docs. 47, 49, 51, 53.)  The most recent order extending time, issued on February 19, 2013, granted Plaintiff "thirty days from the date of service of this order, " establishing a deadline of March 25, 2013.[1]  (Doc. 53.)   The Court record does not show a Third Amended Complaint filed in this case.  (Court Record.)

Under the Mailbox Rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  Thus, under the Mailbox Rule, Plaintiff's Third Amended Complaint would have been timely filed if he delivered it to prison authorities for forwarding to the court clerk on or before

---

[1] **Error! Main Document Only.**In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(c).  In addition, 3 days are added for mailing. Fed. R. Civ. P. 6(d).  In this instance, 33 days from February 19, 2013 was March 24, 2013, which was a Sunday.  Therefore, the 30 day-deadline for Plaintiff to file the Third Amended Complaint was Monday, March 25, 2013.

March 25, 2013. While Plaintiff states that "On March 24, 2013, Plaintiff filed a third amended verified complaint with the court (Mail Box Rule)," Plaintiff has not asserted that he submitted the Third Amended Complaint to prison authorities for mailing on March 24, 2013, nor has Plaintiff provided any supporting documentary evidence. The Court record does not reflect the filing of a Third Amended Complaint in this action. (Court Record.) Therefore, Plaintiff's motion for reconsideration shall be denied, without prejudice to renewal of the motion accompanied by Plaintiff's declaration, signed under penalty of perjury, describing how and when he submitted the Third Amended Complaint for mailing at the prison, and any other evidence, including documentary evidence, in Plaintiff's possession.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 8, 2013, is DENIED, without prejudice to renewal of the motion within thirty days from the date of service of this order, as instructed by this order.

IT IS SO ORDERED.

Dated:   **April 13, 2013**                                **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE