UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>             Plaintiff,<br><br>      vs.<br><br>M. JUNIOUS, et al.,<br><br>             Defendants. | 1:12-cv-00096-GSA-PC<br><br>ORDER DENYING RENEWED MOTION FOR RECONSIDERATION, WITH PREJUDICE<br>(Doc. 60.) |

**I.      BACKGROUND**

Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 16.)

On March 27, 2013, this action was dismissed, with prejudice, for failure to state a claim, based on Plaintiff's failure to file a Third Amended Complaint. (Doc. 54.) On April 8, 2013, Plaintiff filed a motion for reconsideration of the order of dismissal. (Doc. 56.) On April 15, 2013, the Court denied Plaintiff's motion for reconsideration, without prejudice to renewal of the motion within thirty days, providing additional evidence. (Doc. 58.) On April 25, 2013, Plaintiff filed a renewed motion for reconsideration, which is now before the Court. (Doc. 60.)
///

## II.     MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir. 1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff argues that this case should be reopened because he timely submitted a Third Amended Complaint, pursuant to the Court's order of February 19, 2013. Plaintiff asserts that he received the Court's order of February 19, 2013 via U.S. mail on February 28, 2013. Motion, Doc. 60 at 2 ¶1. The Court's order granted him "thirty days from the date of service of this order" to file a Third Amended Verified Complaint. Order, Doc. 53.[1] Plaintiff computes that under Rule 6 of the Federal Rules of Civil Procedure, the Court's order granted him until April 1, 2013 to file the Third Amended Complaint, which was thirty days [plus two days, because the thirtieth day was a Saturday] from February 28, 2013, the date Plaintiff received the Court's order. As evidence that he timely submitted the Third Amended Complaint, Plaintiff has lodged a copy of the proposed Third Amended Complaint, showing the Court's "received" date stamp of April 1, 2013. (Doc. 59.)

### Discussion

Plaintiff's argument is without merit, because he incorrectly computed the deadline established by the Court's order of February 19, 2013. Plaintiff computes the thirty-day

---

[1] The Court's order inadvertently grants Plaintiff time to file a "second amended complaint," instead of a third amended complaint. (Doc. 53.) This typographical error is not at issue.

deadline based on the date he *received* the Court's order, which was February 28, 2013. However, the Court's deadline was based on the *date of service* of the order, which was February 19, 2013. As the Court explained in the April 15, 2013 order, "thirty days from the date of service of this order " established a deadline of March 25, 2013.[2] Order, Doc. 58 at 2:16-18 & fn. 1. Plaintiff has provided no evidence that he submitted the Third Amended Complaint to the Court, or to prison officials under the Mailbox Rule, by the deadline of March 25, 2013.[3] In fact, Plaintiff did not sign the Third Amended Complaint until March 27, 2013. Third Amended Complaint, Doc. 59 at 3.

Plaintiff has not forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's renewed motion for reconsideration shall be denied, with prejudice.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed motion for reconsideration, filed on April 25, 2013, is DENIED, with prejudice; and
2. No further motions for reconsideration shall be accepted or considered in this action.

IT IS SO ORDERED.

---

[2] **Error! Main Document Only.** In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). In addition, 3 days are added for mailing. Fed. R. Civ. P. 6(d). In this instance, 33 days from February 19, 2013 was March 24, 2013, which was a Sunday. Therefore, the 30 day-deadline for Plaintiff to file the Third Amended Complaint was Monday, March 25, 2013. Order, Doc. 58 at 2, fn. 1.

[3] As the Court explained in the April 15, 2013 order, under the Mailbox Rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009); see Order, Doc. 58 at 20-23.

Dated:     **April 29, 2013**                          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE