UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>            Plaintiff,<br><br>      vs.<br><br>M. JUNIOUS, et al.,<br><br>            Defendants. | 1:12-cv-00096-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S "EMERGENCY" MOTION FOR CLARIFICATION BY DISTRICT JUDGE (Doc. 63.) |

**I.    BACKGROUND**

Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 20, 2012.  (Doc. 1.)

On March 23, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action.  (Doc. 16.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On March 26, 2013, this case was dismissed by Magistrate Judge Gary S. Austin, based on Plaintiff's failure to comply with a court order.  (Doc. 54.)

On May 9, 2013, Plaintiff filed an "emergency" motion for clarification by Chief District Court Judge Morrison C. England, Jr., of the Magistrate Judge's order "dismiss[ing] with prejudice this case (Doc 61)."  (Doc. 63.)

1

## II. DISCUSSION

Plaintiff seeks review of Magistrate Judge Austin's order by Chief District Court Judge Morrison C. England, Jr. Plaintiff is not entitled to review by a District Judge, because he consented to the jurisdiction of a Magistrate Judge. "If the statutory requirements [of 28 U.S.C. § 636(c)] are met, the final judgment entered by a magistrate is directly appealable to the court of appeals without intervening review by a district judge." Alaniz v. California Processors, Inc., 690 F.2d 717 (9th Cir. 1982). Plaintiff was informed on the consent form he signed on March 23, 2012, that "[i]n accordance with the provisions of Title 28, U.S,C, Sec. 636(c)(1) . . . to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, *with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed*." (Doc. 16.) (emphasis added) Therefore, Plaintiff may not appeal the Magistrate Judge's order to a District Court Judge, and Plaintiff's motion shall be denied.

Plaintiff seeks clarification of the Magistrate Judge's order "dismiss[ing] with prejudice this case (Doc 61)." (Doc. 61 at 1.) Plaintiff is advised that the order at Document 61 of the court's record did not dismiss Plaintiff's case with prejudice. Document 61 is an order by the Magistrate Judge issued on April 29, 2013, denying Plaintiff's motion for reconsideration with prejudice. (See Doc. 61.) Plaintiff is advised that his case was not dismissed with prejudice. (See Doc. 54.)

## III. CONCLUSION

Based on the foregoing, Plaintiff's "emergency" motion for clarification of the Magistrate Judge's dismissal order, filed on May 9, 2013, is DENIED.

IT IS SO ORDERED.

Dated: __May 21, 2013__            _____/s/ Gary S. Austin_____
                                   UNITED STATES MAGISTRATE JUDGE