UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>        Plaintiff,<br><br>   vs.<br><br>M. JUNIOUS, et al.,<br><br>        Defendants. | 1:12-cv-00096-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE GARY S. AUSTIN<br>(Doc. 62.) |

**I.    BACKGROUND**

Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action. (Doc. 16.) On March 26, 2013, this case was dismissed by Magistrate Judge Gary S. Austin based on Plaintiff's failure to comply with a court order. (Doc. 54.)

On May 9, 2013, Plaintiff filed a motion for the recusal of Magistrate Judge Gary S. Austin under 28 U.S.C. §§ 144, 351(a), and 455(a). (Doc. 62.)

**II.    RECUSAL**

    **A.    <u>Legal Standards</u>**

        **1.    <u>28 U.S.C. § 144, 28 U.S.C. § 455</u>**

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has

a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, ... [and a] party may only file one such affidavit in any case." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979). "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits." Id. (citing Azhocar, 581 F.2d at 738).

Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pesnell, 543 F.3d at 1043. 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. §455(b)(1). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843(9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008).

Under both recusal statutes, § 144 and § 455, the substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555). "'In and of themselves .., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" Id.

Because "the test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), ... consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144."[1] Sibla, 624 F.2d at 867. "If, after considering all the circumstances, the judge declines to grant recusal pursuant to section 455(a) & (b)(a), the judge must still determine the legal sufficiency of the affidavit filed pursuant to section 144 ... [and o]f course, if the motion and affidavit required by section 144 is not presented to the judge, no relief under section 144 is available." Id.

### 2. 28 U.S.C. § 351

28 U.S.C. § 351(a) provides that "[a]ny person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct. 28 U.S.C. § 351(a).

---

[1] Bias is defined "to consist of an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes." Harrington v. Sonoma County, 834 F.2d 1488, 1502 (9th Cir. 1987).

**B.** **Discussion**

Plaintiff seeks to recuse the undersigned, Magistrate Judge Gary S. Austin, from this action. Plaintiff has submitted an affidavit pursuant to § 144, setting out four grounds for recusal, as follows. (Doc. 62 at 3 ¶¶2-5.) Although § 144 applies only to District Court Judges, not Magistrate Judges, "[b]ecause the grounds for disqualification in § 455 and § 144 are similar, they may be considered together." United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984).

(1) On August 10, 2012, the Hon. Magistrates Seng, Austin and Brennan conspired to dismiss with prejudice each case that they were assigned with Adrian Moon as plaintiff, by any means necessary.

(2) Magistrate Judge has held hostage this case in the Eastern District since January 2013.

(3) Magistrate Judge Austin has a deep-seated bias against African American citizens, namely Plaintiff Moon.

(4) Magistrate Judge Austin has denied Plaintiff's due process rights to prosecute this case by not administering, adjudicating and granting motion(s) Documents numbers 20, 24, 28, 29, 32, 59, 60.

Even if § 144 applied to Magistrate Judges, Plaintiff's affidavit is not sufficient to show personal bias or prejudice by the Magistrate Judge under § 144. First, Plaintiff's claim that on August 10, 2012, the Judges conspired to dismiss Plaintiff's cases is untimely. Plaintiff waited until May 9, 2013 to submit his affidavit, nearly nine months after the alleged conspiracy arose. It is well settled that recusal issues must be raised at the earliest possible time after the underlying facts are discovered. First Interstate Bank of Arizona, N,A. v. Murphy, Weir & Butler, 210 F.3d 983, 988 (9th Cir. 2000). This Plaintiff did not do. Further, Plaintiff has not demonstrated any good cause for delay. Therefore, Plaintiff's claim in the affidavit as to the Judges' conspiracy is untimely.

Second, Plaintiff did not sufficiently state facts and reasons for his beliefs in the affidavit. Section 144 requires the affiant to state the facts and the reasons for the belief that

bias or prejudice exists. <u>Davis v. Fendler</u> 650 F.2d 1154, 1163 (9th Cir. 1981). Plaintiff's allegation that the Magistrate Judges conspired against him is "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source." <u>Sibla</u>, 624 F.2d at 868. Plaintiff only uses conclusory language and fails to allege any facts demonstrating that a conspiracy arose or that the Judges had any prejudicial reason to dismiss Plaintiff's cases. Plaintiff also asserts, without explanation or supporting facts, that the "Magistrate Judge has a deep-seated bias against African American citizens, namely Plaintiff Moon." (Doc. 62 at 3 ¶4.) Also, Plaintiff does not offer any facts supporting his assertion that the Magistrate Judge has "held this case hostage" in the Eastern District since January 2013, out of bias or prejudice. (Doc. 62 at 3 ¶3.) Nor does Plaintiff give any reasons that "not granting motion(s) in [his] case" demonstrates extrajudicial prejudice or bias by the undersigned. (Doc. 62 at 3 ¶5.)

While not contained specifically in Plaintiff's affidavit, Plaintiff also alleges bias or prejudice by the undersigned because this case was filed in the wrong district court and "[t]he Magistrate won't release this case to it's (*sic*) proper jurisdiction." (Doc. 62 at 2 ¶C.) Plaintiff argues that "all claims arised (*sic*) and defendants reside in Monterey [C]ounty, U.S. Northern District Court jurisdiction." <u>Id.</u> A review of the court record for this action shows that under 28 U.S.C. § 1391(b), venue is proper in this Court because the majority of Plaintiff's defendants were employed at North Kern State Prison (NKSP) in Delano, California, located in the Eastern District of California, and a substantial part of the events occurred at NKSP.[2] (Docs. 1, 9, 36.) Plaintiff fails to support his allegations with facts or reasons for his belief of bias. Based on the foregoing, the Court finds Plaintiff's affidavit to be insufficient on its face. Thus, even if § 144 applied to Magistrate Judges, Plaintiff's motion under § 144 would be

///

---

[2] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

denied because his affidavit is baseless. Therefore, Plaintiff's motion under § 144, even if it were applicable to Magistrate Judges (which it is not), is denied and shall not be referred to another judge for a determination of its merits.

Section 455 requires that a judge be *subjectively confident* of his ability to be evenhanded. Bernard, 41 F.3d at 844 (emphasis added). In the case at bar, the undersigned can confidently say that he does not feel any bias for or against any of the parties to this case. Thus, there are no grounds for recusal on the basis of actual bias.

Section 455 also requires that a judge be confident "that an informed, rational, objective observer would not doubt his impartiality." Id. After careful consideration of all of the circumstances in this case, the undersigned finds no reason that his impartiality in this case might reasonably be questioned by an informed, rational, objective observer. Plaintiff's conclusory allegations would not lead a reasonable person to conclude that the Judge's impartiality in this case might reasonably be questioned. Accordingly, there is no appearance of bias warranting recusal in this case.

Plaintiff also seeks recusal of the Judge under 28 U.S.C. § 351, which provides that a written complaint for recusal of a judge may be filed by any person "with the clerk of the court of appeals for the circuit." 28 U.S.C. § 351(a). Section 351 is not applicable to a motion such as Plaintiff's, filed in the district court. Therefore, Plaintiff's motion under § 351 must be denied.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion for recusal of Magistrate Judge Gary S. Austin from this action, filed on May 9, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **May 22, 2013**                             **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE